UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN K. PORTER,<br>    Plaintiff,<br>    v.<br>SHYAM K. CHETAL,<br>    Defendant. | Case No. 17-mc-80068-DMR<br><br>**ORDER TRANSFERRING MATTER** |

   Plaintiff Marian K. Porter commenced this action on May 30, 2017 by registering a foreign judgment pursuant to 28 U.S.C. § 1963. [Docket No. 1.] Porter seeks to recover $200,000,000 from Defendant Shyam K. Chetal pursuant to a judgment in her favor which was issued by the United States District Court for the District of Nevada on March 27, 2017. *Id*. On February 7, 2018, Chetal, proceeding without legal representation, filed a motion for relief from the Nevada judgment pursuant to Federal Rule of Civil Procedure 60(b). [Docket No. 4.] Chetal moves to vacate the judgment on the grounds that he was denied due process and that Porter's counsel committed "fraud on the court." Porter filed an opposition (styled as a "motion to vacate" Chetal's motion for relief from judgment), to which Chetal filed a reply. [Docket Nos. 7-9.]

   As the court in which Porter registered the judgment, this court "has jurisdiction to entertain motions challenging the underlying judgment." *FDIC v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996). However, the Ninth Circuit has cautioned that "considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there." *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964). "When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court just as much as it would if it

were reviewing that court's equitable decree." *Treadaway v. Acad. of Motion Picture Arts & Scis.*, 783 F.2d 1418, 1422 (9th Cir. 1986). While the Ninth Circuit has not held that a court in which a foreign judgment is registered may never hear an action seeking relief from that judgment, it has held that occasions for which "justice may . . . demand" interference with another court's final order are "rare." *Id*.

Having reviewed Chetal's motion and Porter's response thereto, the court declines to exercise its discretionary authority to consider the merits of the Rule 60(b) motion. Instead, the court transfers the matter to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a). Any effort to enforce the judgment in this district is stayed pending the outcome of the Rule 60(b) motion before the District of Nevada.

**IT IS SO ORDERED.**

Dated: April 26, 2018

_____
Donna M. Ryu
United States Magistrate Judge



2